IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**ASSOCIATION FOR DISABLED AMARICANS,
INC., AND
MICHELLE WISNIEWSKI**

   Plaintiff,

vs.

**BIG PINE RESTAURANT AND COFFEE SHOP**

   Defendants.

_____

### COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiffs, THE ASSOCIATION FOR DISABLED AMERICANS,(hereinafter referred to as "Plaintiffs" or "Association"),and MICHELLE WISNIEWSKI (hereinafter referred to as "Plaintiff" or "Wisniewski"), hereby sues the Defendants BIG PINE RESTAURANT AND COFFEE SHOP, and OTHERS UNKNOWN (hereinafter sometimes referred to as "Defendants," or " Big Pine"), for permanent injunctive relief for access and barrier removal pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building

Construction[1] (hereinafter collectively referred to as "FACBC"), a restaurant and related facilities commonly known as the Big Pine Restaurant and Coffee Shop, (hereinafter sometimes referred to as "Building" or "Premises").

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Key West division, and the subject Premises is located in Monroe County, Florida.

## PARTIES

4. Plaintiff, the Association for Disabled Americans, Inc., [hereinafter "the Association"], is a non-profit corporation organized and existing under the laws of the State of Florida. The Association's members, who include the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC, including individuals with sight, hearing, mobility and other disabilities.

5. The Association seeks to improve the economic and societal opportunities of its members by providing counseling and other services to its members as well as,

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

when required, enforcing the legal rights to access for its members in order to facilitate their participation and integration into society.

6. In so doing, the Association seeks to assure that public spaces and commercial premises are accessible to, and usable by, its members in the future; to assure its members that they will not be excluded from participation in, or be denied the benefits of, the services, programs or activities of public accommodations; and, to assure its members that they are not discriminated against because of their disabilities.

7. The Association and its members have suffered direct and indirect injury as a result of the Defendants' discriminatory practices described more fully herein, and will continue to suffer such injury and discrimination without the relief provided by the ADA and the FACBC as requested herein.

8. Defendants' discriminatory practices have forced the Association to divert resources from its counseling and other programs, thereby perceptibly impairing the Association's ability to provide services to its members and directly frustrating one of the goals of the Association – to facilitate access and integration for its members.

9. The Association has also been discriminated against because of its association with its members and their claims.

10. Plaintiff, Michelle Wisniewski, resides in Cudjoe Key Florida, located in Monroe County, Florida.

11. Wisniewski is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been denied access to the premises as set forth more fully herein,

and who will continue to be denied access without the injunctive relief requested herein.

12. Plaintiff Wisniewski is a quadriplegic, and suffers from *inter alia*, from end-stage (terminal) emphysema and requires an oxygen mask in order to breathe normally and also requires an electric scooter to ambulate at all times.

13. Plaintiff Wisniewski seeks to partake in the accommodations, privileges and advantages of the services offered by Defendants herein and accorded to her by the various civil rights statutes set forth herein.

14. Plaintiff Wisniewski visited the subject premises on March 28, 2009, and has been denied full access thereto.

15. Plaintiff Wisniewski was not able to access the facilities or services at Big Pine and had to park at the post office due to inaccessible parking on the premises.

16. Wisniewski was not able to navigate comfortably (within the meaning if the ADA), throughout the premises due to an inaccessible levels within the interior and surface and barriers at seating areas, nor was Wisniewski able to utilize the restroom.

17. Plaintiff Wisniewski continues to be denied access thereto, within the meaning of the ADA and the FACBC, due to barriers he encountered during her visit to the premises.

18. Plaintiff Wisniewski is a resident of Cudjoe Key Florida, and desires to access the facilities at Big Pine.

19. Mr. Wisniewski will regularly return to the premises once the barriers violating the ADA and the FACBC are removed.

20. However, Plaintiff Wisniewski will be denied full access to the subject premises, as required by the ADA and the FACBC, and is thus deterred from returning to the Premises, unless the injunctive relief requested herein is granted.

21. The Defendant, Big Pine, is a registered for-profit corporation licensed to do business in the state of Florida.

22. The Defendant, Big Pine, is the registered operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject Premises.

23. Unknown Defendant(s) are those Defendant(s) that manage, operate or otherwise exercise financial and other control over and within the subject premises, commonly known as the Big Pine Restaurant and coffee shop.

24. These Unknown Parties are expected to be identified and joined through early discovery, so that all proper Parties regarding this action are before the Court.

## Count 1

### Americans With Disabilities Action for Injunctive Relief

25. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq* ("Americans With Disabilities Act").

26. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 25 of this Complaint as if fully stated herein.

27. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

28. The Congressional legislation provided commercial businesses one and a half

(1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

29. The premises which are owned, leased to or by, and/or operated by the Defendants, and which is the subject of this action, includes a restaurant, coffee shop, and related facilities.

30. The restaurant, coffee shop, and related facilities must be, but are unable to be, accessed by individuals with disabilities, including Plaintiffs as required by the ADA.

31. Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

32. The Defendants have discriminated against the individual Plaintiff, and the corporate plaintiff by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

33. Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

34. The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR

§36.302 *et seq.*, and are discriminating against the Plaintiffs as a result of, *inter alia*, the following violations:[2]

    a. Disabled parking does not have signage mounted to be visible over the parked car pursuant to ADAAG 4.6. (Picture 8)

    b. Disabled parking spaces are improperly configured as proper delineation of the access isle is not present pursuant to ADAAG 4.6. (Pictures 5 and 8)

    c. Exterior picnic tables are present that are not on an accessible path of access with a stable and firm surface pursuant to ADAAG 4.3 and 4.5 (Picture 4)

    d. Inadequate clearance beneath the picnic tables of no less than 19" is present for an individual who uses a wheelchair pursuant to ADAAG 4.32. (Picture 4)

    e. The entrance to the ramp does not provide a 60' by 60' level landing area at the door pursuant to ADAAG 4.13. (Picture 5)

    f. No compliant signage is present at the restrooms as they are not mounted on the wall at 60" above the finished floor.

    g. The restrooms also lack pictograms, Braille, lack proper contrast, and are not tactile pursuant to ADAAG 4.30.

    h. The door hardware is noncompliant, as it requires grasping and twisting precluded by ADAAG 4.13.9. (Picture 18)

    i. The required 18" maneuvering clearance at the inside of the door is not present precluded by ADAAG 4.13.6. (Pictures 17-19)

    j. The restroom door has excessive resistance and inadequate delay pursuant to ADAAG 4.13.10 and 4.13.11.

    k. A lavatory lacks clearance beneath as the cabinet is present

---

[2] Due to the architectural barriers encountered, all areas of the premises were not able to be assessed. Accordingly, the above list is not to be considered all-inclusive. A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34(b) of the Federal Rules of Civil Procedure.

    precluded by 4. 19.2. (Pictures 17-19)

    l. The mirror is mounted above the maximum 40" height precluding an individual from seeing himself or herself pursuant to ADAAG 4.18.6. (Picture 12)

    m. The urinal is not mounted at 17" or below pursuant to ADAAG 4.18. (Pictures 11 and 20).

    n. The toilet paper dispenser is not mounted at 19" and is not 36" from the back wall pursuant to ADAAG 4.16.6. (Picture 16)

    o. The control on the hand dryer is beyond the reach parameters of 44" as an individual is required to reach over the sink and cabinet beneath precluded by ADAAG 4.25 and 4.27. (Picture 17)

    p. No grab bars are present at the commode precluded by ADAAG 4.16.4 and 4.22.4. (Pictures 14 and 17)

    q. The flush is not on the wide side of the commode pursuant to ADAAG 4.16.5 (Pictures 14 and 15)

    r. Inadequate clear floor space is present for and individual who uses a wheelchair within the restroom pursuant to ADAAG 4.2.3. and 4.22.3. (Pictures 15 and 16)

35. The individual Plaintiff and the corporate Plaintiffs have been denied access to, and the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' ADA violations set forth above.

36. Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

37. Besides the individual Plaintiff claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. *See* **Hunt v. Washington State**

*Apple Advertising Commission,* 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord, Doe v. Stincer,* 175 F.3d 879 (11th Cir. 1999).

38. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action.

39. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

40. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

41. The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiffs respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, and awarding Plaintiffs their reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until

the requisite modifications are completed.

## COUNT II

### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

42.  This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

43.  Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 42 of this Complaint as if fully stated herein.

44. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "The Federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[3] and Title II of Public Law No. 101-336,[4]" subject to the additional requirements of Fla. Stat. § 553.504.

45. Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC).  The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997.  *See* FACBC Chapter 11 and Fla.  Stat. § 553.503.

46.  In addition, Fla.  Stat. § 553.502 provides that "nothing in §.  553.01-553.513 is intended to expand or diminish the defenses available to a place of public

---

[3]   28 CFR §§ 36.101, *et seq,* 36.401, *et seq.*

[4]   42 U.S.C.A. § 12131, *et seq.*

accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

47. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code.</u> The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law.  Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code.  Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

48.  Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

49.  Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other State or local law (including State Common Law) that provide greater or equal protection for the rights of the

individuals with disabilities or individuals associated with them." *Id.*

50.  At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

51. Defendants breached their duty to provide access to the subject premises by Plaintiffs and thereby discriminated against Plaintiffs, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

    a. Disabled parking does not have signage mounted at 84" to the bottom of the sign and is not visible over the parked car pursuant to FACBC 11-4.6.4. and Florida Statute 553.5041. (Picture 8)

    b. Disabled parking signage does not have the requisite wording as well as amount of fine and "Tow Away Zone" pursuant to FACBC 11-4.6.4. and Florida Statute 553.5041 (Pictures 6 and 7)

    c. Disabled parking spaces are improperly configured as proper delineation of the access isle is not pursuant to FACBC 11-4.6.3. (Pictures 5 and 8)

    d. Exterior picnic tables are present that are not on an accessible path of access with a stable and firm surface pursuant to FACBC 11-4.3.6 and 11-4.5.1. (Picture 4)

    e. Inadequate clearance beneath the picnic tables of no less than 19" is present for an individual who uses a wheelchair pursuant to FACBC 11-4.32.2. (Picture 4)

    f. The ramp to the entrance entrance does not provide a 60" by 72" landing pursuant to Florida Statute 553.501(4), or a level area at the door pursuant to FACBC 4.13. 6 (Picture 5)

    g. No compliant signage is present at the restrooms as they are not mounted on the wall at 60" above the finished floor.

    h. The restrooms also lack pictograms, Braille, lack proper contrast, and are not tactile pursuant to FACBC 11- 4.30.

    i. The door hardware is noncompliant, as it requires grasping and twisting precluded by FACBC 11-4.13.9. (Picture 18)

j. The required 18" maneuvering clearance at the inside of the door is not present precluded by FACBC 11-4.13.6. (Pictures 17-19)

k. The restroom door has excessive resistance and inadequate delay pursuant to FACBC 11-4.13.10 and 11-4.13.11.

l. A lavatory lacks clearance beneath as the cabinet is present precluded by FACBC 11-4-19.2. (Pictures 17-19)

m. The mirror is mounted above the maximum 40" height precluding a seated individual from seeing himself or herself pursuant to FABAC 4.18.6. (Picture 12)

n. The urinal is not mounted at 17" or below pursuant to FACBC 11-4.18. (Pictures 11 and 20)

o. The toilet paper dispenser is not mounted at 19" and is not 36" from the back wall pursuant to FACBC 11- 4.16.6. (Picture 16)

p. The control on the hand dryer is beyond the reach parameters of 44" as an individual is required to reach over the sink and cabinet beneath precluded by FACBC 11- 4.25 and 11-4.27. (Picture 17)

q. No grab bars are present at the commode precluded by FACBC 11-4.16.4 and 11-4.22.4. (Pictures 14 and 17)

r. The flush is not on the wide side of the commode pursuant to FACBC 11- 4.16.5. (Pictures 14 and 15)

s. Inadequate clear floor space is present for and individual who uses a wheelchair within the restroom pursuant to FACBC 11- 4.2.3. and 11-4.22.3. (Pictures 15 and 16)

52.   The individual Plaintiff, and the corporate Plaintiffs has been denied access to, and has been denied the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of Defendant's FACBC violations set forth above.

53. Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage without the relief provided pursuant to the FACBC as requested herein.

54. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action.

55. Besides the individual Plaintiff claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. *See* **Hunt v. Washington State Apple Advertising Commission,** 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord,* **Doe v. Stincer,** 175 F.3d 879 (11th Cir. 1999).

56. Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.

57. Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

58. The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiffs respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, and closing the subject premises until the requested modifications are completed.

Respectfully Submitted,

s/Robben M. Heethuis., ESQ.(Flolorida BarNo.75899)
Email: Max.Heethuis@hotmail.com
Heethuis and Associates LCC
1888 NW 7th St.
Miami, FL 33125
Telephone (269-370-4751)
Attorney For Plaintiffs: The Association for Disabled Americans/Michelle Wisniewski